Curia, per

Wardlaw, J.
A formal decision only of this case, was made upon the circuit, and a report by consent of counsel prepared for taking the opinion of this court.
It now appears that a judgment on his bond libs been obtained against Buckner only, and not against his sureties ; that which is called a general issue was a general traverse of the suggestion tendering an-issue, that the special demurrer was a sort of special plea, in which, whilst the liability for the excess of fees exacted over the legal fees is admitted, the liability for ten times the excess is denied ; that there was an order of court permitting the defendant to plead double, and that the plaintiff joined in the issue tendered by the special demurrer or plea.
*325 The plaintiff now objects that defendant could not both plead and demur to the same parts of the suggestion, and insists that the defendant shall not have advantage of his demurrer.
The case of The Treasurers vs. Bates, 2 Bail. 379, which first introduced or recognized, from necessity, the practice of suggesting farther breaches after one judgment upon a sheriff's bond, in directing the course of proceedings, contemplates that the defendant shall plead to the suggestion, and refers to the case of Grainsford vs. Griffith, 1 Williams’s Saunders, 58. By the English practice under the statute 8 and 9 W. 3, c. 11, a suggestion is employed to set out breaches existing at the time of the judgment, and the defendant is not required to plead to such suggestion, as the plaintiff must, at the execution of the writ of enquiry, prove the breaches and recover damages accordingly; for, farther, on subsequent breaches, a scire facias is employed, to which defendant pleads as to scire facias in other cases; but the pleading, whatever it may be, goes to the right of recovery, and after the establishment of that right, in taking the inquisition or executing the inquiry, the amount of damages is accommodated to the proof that the plaintiff may offer. In like manner, the practice in this State directed as to a sheriff’s bond, presupposes a judgment already obtained, which is to stand as a security for the damages that may be proved, and whilst it prescribes a suggestion rather than a scire facias, as a simpler proceeding, it assists the defendant to plead, because the breaches suggested will be for the benefit of a new party, and in the nature offarther breaches, and because in the matter of the breaches, or in occurrences subsequent to the judgment, there may be good ground for the defendant to deny his liability. But suppose the defendant should make default in pleading to the suggestion, shall the plaintiff have judgment 1 That he has already, for the pénalty. Shall the amount of damages, laid in the suggestion, be taken as admitted 1 Then there would be no writ of enquiry, but an ascertainment by confession. The true view seems to be, that the defendant cannot, by any default or error of pleading, be put in a worse condition than that of an ordinary defendant in an action of debt on bond, conditioned for the performance of *326 covenants, after plaintiff’s recovery of judgment for the penalty; the facts and circumstances must be proved before a jury, who shall assess the damages accordingly. Objections to those portions of the suggestion which state the former recovery, and matters of defence subsequent thereto, are waived by neglect to plead, or improper pleading ; an assignment of breach, which the court would have held insufficient, may go to the jury, if there be no demurrer; but by no implied admission, arising from the pleading, can the defendant be held beyond his liability to such damages as the plaintiff may prove to have arisen from the breach assigned. The pleading, so far as concerns the defendant’s liability for any breach, and as concerns matter of form, apart from the assignment of breach, should be like that to a scire facias upon judgment — and so far as concerns his liability for the breach suggested, and in the assignment of it, should be like that to a replication assigning breaches after a plea of performance. As there are in this case obvious errors of pleading, and some misunderstanding exists between the counsel, the defendant is permitted to strike out all after the suggestion, and plead de novo, pleading double if he chooses, but not traversing and demurring to the same portion of the suggestion.
The main question presented by the appeal is as to the extent of the defendant’s liability, in an action on his bond, for fees improperly exacted. The condition of the sheriff’s bond is, that “ he will well and truly perform the duties of said office, as now or hereafter required by law, during the period he may continue in said office.” A. A. 1829. Whatever, in the execution of his office, or in the character of a public officer properly recognized, the sheriff may do or omit, whereby damage results to another, seems to be a violation of the duties of his office; and the damage proved may be recovered under the bond. Fees improperly charged constitute such damage; but a penalty or forfeiture given to the party injured, for his more ample reparation, and for the punishment of the sheriff, seems not to be damage, but rather a chance of gain,, which, by increase, the law bestows upon the sufferer. Such penalty or forfeiture may be recovered against the sheriff by suit, “ in which no imparlance shall be allowed,” but does not *327 seem to constitute a demand which, under the bond, maybe recovered against the sheriff and his sureties, for his breach of official duty. In the case of Lesly & Calhoun vs. Taggart, decided at Columbia, December, 1841, it was held, that under suggestion upon a judgment on the bond of a sheriff, there could not be recovered the costs of suits, in case and assumpsit, by which the delinquency of the sheriff, and amount of the damages thereby occasioned, had been previously ascertained. It was there no less the personal duty of the sheriff to pay such costs, than here to pay the ten times the excess claimed ; and his liability to pay costs occasioned to the plaintiffs damage more clearly apparent than any damage which is here seen to result from the neglect to pay the ten times the excess.
With these directions a new trial is ordered.
Richardson, Q’Neall, Evans, and Butler, JJ., concurred.